# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

| | |
|---|---|
| **OCIE HOSKINS, # 75124** | **PLAINTIFF** |
| **VERSUS** | **CIVIL ACTION NO. 3:12cv552-CWR-FKB** |
| **SHELIA PARKS, JAMES HOLMAN, LEE HOWARD, and CHRISTOPHER B. EPPS** | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER DISMISSING PARKS, HOWARD, AND EPPS AND ADDING DEFENDANT

BEFORE THE COURT are *pro se* Plaintiff Ocie Hoskins's pleadings. He is incarcerated with the Mississippi Department of Corrections and alleges a failure to protect. The Court has considered and liberally construed the pleadings. As set forth below, Defendants Shelia Parks, Lee Howard, and Christopher B. Epps are dismissed, and Lieutenant West is added as a Defendant.

## BACKGROUND

Hoskins alleges he is housed at the Central Mississippi Correctional Facility. He filed this action, alleging he was attacked there on July 12, 2012, by an inmate whom Hoskins had red-tagged. The two were both housed on Building C1, A Zone. Hoskins had been transferred to this building on July 3. He seeks to add West as a Defendant, claiming she was the one who transferred him to this unit, even though he told her about the red-tagged inmate.

Among others, Hoskins also sues Parks, Howard, and Epps. As is relevant to Parks, Hoskins alleges that on November 27, 2011, he was housed in Building A1. He told Parks that a gang member, previously red-tagged by Hoskins, was also on this unit. "I live[d] with this offender for 5 day[s] before I got transfer[red] to another Build[ing.]" (Dkt. 11 at 1). He alleges no incidents as a result.

Hoskins does not mention Howard and asks to voluntarily dismiss Epps.

## DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . –(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Hoskins to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under Section 1915.

Among others, Hoskins names Parks, Howard, Epps, and West as Defendants.

<u>PARKS</u>

Hoskins alleges Parks did not immediately transfer him from Building A on November 27, 2011, even though he informed her he was housed with an inmate whom Hoskins had red-tagged. He claims he was not transferred until December 5.

In this case, Hoskins does not allege any injury as a result, even though he was given the opportunity to do so. Therefore, the instant pleadings fail to state a claim against Parks upon which relief can be granted, and she is entitled to dismissal.

An additional reason to dismiss Parks is that this is not the first time Hoskins has sued her for the failure to transfer him from building A. At the time the Complaint was filed, he had three cases pending against her for this same incident. *Hoskins v. Epps*, 3:12cv13-LRA (S.D. Miss.); *Hoskins v. Park*, 3:12cv457-CWR-LRA (S.D. Miss.); *Hoskins v. Epps*, 3:12cv458-DPJ-FKB (S.D. Miss.) In the prior cases, however, he alleged he was attacked on December 5, 2011, as a result of her failure to transfer him on November 27, 2011. All three cases are still pending, one of which is before the undersigned. It is "'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993). The claim against Parks is therefore dismissed as malicious, as well.

Dismissal of Parks counts as a strike under 28 U.S.C. 1915(g).

HOWARD

It is not clear whether or not Hoskins named Howard as a Defendant. His name appears on page one of the form Complaint as the "Name under which [Plaintiff was] sentenced." (Compl. at 1). Howard is not mentioned anywhere else in the pleadings. The Court directed Hoskins to specify whether he intended to sue Howard, but Hoskins did not respond. Therefore, Howard is dismissed for failure to state a claim against him upon which relief could be granted. Because it remains unclear whether Hoskins ever meant to name Howard as a Defendant, the Court will not assess a strike for this dismissal.

EPPS

The Court ordered Hoskins to explain how Epps violated Hoskins's constitutional rights. He responds that he wants to dismiss Epps. He is therefore voluntarily dismissed from this case.

WEST

The Complaint was unclear as to whether Hoskins was asserting any claims against West. Hoskins has since clarified that he wishes to assert a failure to protect claim against her for the alleged July 12, 2012, attack by the one red-tagged inmate. The Clerk of Court shall add Lieutenant West as a Defendant herein. The Court expresses no opinion on the merits of the claims against her.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, Defendant Shelia Parks should be and is hereby **DISMISSED WITH PREJUDICE** for failure to state a claim and as malicious. This dismissal counts as a strike pursuant to 28 U.S.C. 1915(g). Defendants Lee Howard and Christopher B. Epps are **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED AND ADJUDGED** that the Clerk of Court shall add Lieutenant West as a Defendant herein. The remainder of the case shall proceed.

**SO ORDERED**, this the 25th day of September, 2012.

s/Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE